UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. TABORELLI et al.,

        Plaintiffs,        Case No. 1:09-cv-408

v.        Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Lucille Martin and Thomas Taborelli, a state prisoner. The Court has granted Plaintiffs leaves to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). An action brought by a non-prisoner proceeding *in forma pauperis* also may be dismissed for the reasons listed above. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiffs' pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff Martin for failure to state a claim. In addition, the Court will dismiss Plaintiff Taborelli's claims against Defendants Michigan Department of Corrections, Caruso, Straub, Smith, Norwood, Klinesmith and LeBarre for failure to state a claim. The Court will serve the complaint against Defendants Dyker and Nelson.

**Discussion**

I. <u>Factual allegations</u>

In their *pro se* complaint, Plaintiffs claim that Plaintiff Taborelli is being denied proper medical treatment at the Ionia Correctional Facility (ICF) where he is incarcerated. They sue the Michigan Department of Corrections (MDOC), MDOC Director Patricia Caruso, Director of Health Services Dennis Straub and the following ICF employees: Warden Willie O. Smith, Assistant Warden Nannette Norwood, Grievance Coordinator N. Klinesmith, Nurse Jody LeBarre, Therapist Robin Dyker and Doctor (unknown) Nelson.

Plaintiff Taborelli claims that he was diagnosed with Hepatitis C in 2001. He also suffers from heart disease (angina and a heart murmur), emphysema and severe rheumatoid arthritis. Plaintiff Taborelli further claims that he is blind in both eyes due to cataracts, is deaf in his right ear due to the pressure of a tumor and has a tumor between the vertebrae in his neck. Plaintiff Taborelli contends that he is not receiving medical treatment or prescription medication for his various ailments. He alleges that from December 2005 to the present, the only treatment he has received is psychiatric medications, which were not needed. Plaintiff claims that blood tests were taken to check the effects of the Hepatitis C on his liver, but he was not given medication or information regarding the progression of his liver disease. Plaintiff Taborelli has been instructed on numerous occasions to purchase over-the-counter medications from the prison store, but claims that the prison store does not carry the type of medications he needs, such as nitroglycerin pills, inhalers and liver medication. Plaintiffs seek compensatory and punitive damages.

II. <u>Immunity</u>

Plaintiffs may not maintain an action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly

abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC will be dismissed from this action.

III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As an initial matter, Plaintiff Martin does not allege that any of the named Defendants have violated her federally protected rights. The complaint concerns only Plaintiff Taborelli's claim that he is being denied proper medical treatment at ICF. Martin appears to be a party to the complaint only by virtue of her role as friend and advocate of Plaintiff Taborelli. Because Martin fails to allege sufficient facts to support a plausible claim against Defendants, she will be dismissed from this action for failure to state a claim. *See Ashcroft*, 129 S. Ct. at 1949; *Twombly*, 127 S. Ct. at 1974. The Court now will consider Plaintiff Taborelli's claims against Defendants.

### A.  Defendants Caruso and Straub

Plaintiff Taborelli fails to make any specific factual allegations against Defendant Caruso. With regard to Defendant Straub, Plaintiff claims only that Martin contacted his office concerning Plaintiff Taborelli's medical care and Straub failed to take any action other than sending

correspondence to Plaintiff Taborelli advising him to share his concerns with local health care staff. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso and Straub engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

**B.      Defendants Klinesmith and Norwood**

Plaintiff Taborelli's allegations against Defendants Klinesmith and Norwood arise from the grievance process. Plaintiff alleges that Defendants violated his federal rights by rejecting or failing to respond properly to his grievances. However, Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb.

7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process. Plaintiff, therefore, fails to state a claim against Defendants Klinesmith and Norwood.

      **C.**      **Defendant LeBarre**

Plaintiff Taborelli claims that he was informed by his psychiatrist that his medical file was lost and that the only remaining records were from 2004. Plaintiff contacted the health care secretary about his file. On July 18, 2008, Defendant LeBarre sent him a progress note stating that "'Pt informed that his medical record has not been lost. Communication may have been purged and is now located in an old volume.'" (Compl., 5.) Plaintiff contends that his medical records were purged as part of a conspiracy to deny him medical treatment. He alleges that Defendant LeBarre acted with deliberate indifference to his serious medical needs by failing to bring the "purging incident" to the attention of her superiors.

      The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's claim that LeBarre failed to bring the "purging incident" to the attention of her superiors clearly fails to state an Eighth Amendment claim. Plaintiff does not allege that LeBarre denied him necessary medical treatment. Rather, his allegations against her concern his medical file. At most, LeBarre was negligent for failing to pursue the issue of Plaintiff's missing medical records. Mere negligence is not actionable under § 1983. *See Davidson v. Cannon*, 474

U.S. 344, 347-48 (1986); *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987). Moreover, it appears from LeBarre's note that the "purged" materials were not destroyed, but moved to another location for storage. Accordingly, Plaintiff fails to state a claim against Defendant LeBarre.

### D.     Defendants Dyker and Nelson

Plaintiff Taborelli claims that he has met with Defendant Dyker, a therapist, on numerous occasions. During every one of those meetings Plaintiff allegedly asked for help controlling the pain that he experiences due to his medical conditions. Plaintiff alleges that Dyker repeatedly promised that she would get Plaintiff medical help, but failed to do so. With regard to Dr. Nelson, Plaintiff alleges that he met with Dr. Nelson in August 2008. During the appointment, Nelson explained that Plaintiff had a heart murmur. Nelson ordered blood tests and a chest X-ray. Plaintiff claims that as of the filing of his complaint, he has not received any follow-up with Nelson. Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Dyker and Dr. Nelson. Accordingly, the Court will order service of the complaint against them.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff Martin will be dismissed pursuant to 28 U.S.C. § 1915(a) for failure to state a claim. In addition, the Court will dismiss Plaintiff Taborelli's claims against Defendants Michigan Department of Corrections, Caruso, Straub, Smith, Norwood, Klinesmith and LeBarre pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Dyker and Nelson.

An Order consistent with this Opinion will be entered.


Dated: July 21, 2009                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE