UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TABORELLI, et al.,

        Plaintiffs,                      Hon. Gordon J. Quist

v.                                        Case No. 1:09 CV 408

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action on May 5, 2009, asserting numerous claims against various defendants. The only claims remaining in this matter are those asserted against Defendants Nelson and Dyker. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against Defendants Nelson and Dyker be **dismissed** for failure to timely effect service and this matter **terminated**.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff initiated this action on May 5, 2009. After conducting an initial review of Plaintiffs' complaint under 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e, the Honorable Gordon J. Quist concluded that Plaintiffs' complaint included claims that were not subject to dismissal. Accordingly, the Court directed the Clerk to arrange for service of the summons and complaint on Defendants Nelson and Dyker. The initial attempt to effect service on Defendants was unsuccessful. Summonses were re-issued for Defendants Nelson and Dyker on December 1, 2009, and service was allegedly effected soon thereafter.

On January 13, 2010, however, Defendants moved to dismiss Plaintiff's complaint on the ground that Plaintiff's attempt to effect service was deficient. The undersigned agreed that Plaintiff's attempt to effect service was deficient. Rather than recommend dismissal of Plaintiff's claims, the undersigned recommended that Plaintiff's deficient service be quashed and Plaintiff be afforded additional time to properly effect service on Defendants. On July 9, 2010, Judge Quist adopted this recommendation and ordered that Plaintiff be given "until August 16, 2010, to properly effect service on Defendants Nelson and Dyker."

On July 12, 2010, summonses were again issued for Defendants Nelson and Dyker. These summonses were returned unexecuted on July 29, 2010. The same day another summons was issued for Defendant Dyker. This attempt to effect service was likewise unsuccessful, as the summons was returned unexecuted on August 27, 2010. In the almost two years since, Plaintiff has taken no action to secure service on Defendants Nelson and Dyker. Plaintiff has likewise failed to request an extension of time to effect service on Defendants. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Defendants Nelson and Dyker be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendants Nelson and Dyker be **dismissed without prejudice for failure to timely effect service and this matter terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 9, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge